# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAYNE BRIDGEMAN,<br><br>　　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>GEORGE A. NEOTTI, Warden<br><br>　　　　　　　　　　Respondent. | Civil No.　11-0526 AJB (RBB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

## **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner lists various problems he claims he is facing in prison. While somewhat difficult to discern, it appears Petitioner claims he was denied access to the law library and that his legal mail is not being given to him. (Pet. at 6-9.) Petitioner's claim is not cognizable on habeas

because it does not challenge the constitutional validity or duration of confinement. See 28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court judgments." McGuire v. Blubaum, 376 F. Supp. 284, 285 (D. Ariz. 1974).

In no way does Petitioner claim his state court conviction violates the Constitution or laws or treaties of the United States. Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). It appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody.[1] Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** the case without prejudice and with leave to amend for Petitioner's failure to satisfy the filing fee requirement and state a cognizable claim on habeas corpus. If Petitioner wishes to challenge the fact or duration of his confinement by attacking his state court conviction, he must, **no later than May 31, 2011**: (1) file a First

---

[1] Petitioner currently has a case pending in this Court filed pursuant to 42 U.S.C. § 1983 in case number 11cv0387 JLS (CAB).

1 Amended Petition **AND** (2) pay the $5.00 filing fee **OR** submit adequate proof of his inability
2 to pay the fee. If he wishes to challenge the conditions of his prison life, he must, **no later than**
3 **May 31, 2011**: (1) file a new civil complaint pursuant to 42 U.S.C. § 1983 which will be given
4 a new civil case number, **AND** (2) pay the $350 filing fee **OR** file a motion to proceed in forma
5 pauperis . **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK**
6 **MOTION TO PROCEED IN FORMA PAUPERIS, A BLANK FIRST AMENDED**
7 **HABEAS CORPUS PETITION FORM (28 U.S.C. § 2254) AND A BLANK 42 U.S.C.**
8 **§ 1983 CIVIL COMPLAINT FORM TOGETHER WITH A COPY OF THIS ORDER.**
9     IT IS SO ORDERED.

11 **DATED: March 23, 2011**

                                        _____
                                        **Hon. Anthony J. Battaglia**
                                        **U.S. District Judge**
                                        **United States District Court**